UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCEL STENZEL, an individual,

                Plaintiff,

v.

GARY L. PIFER, an individual

                Defendant.

No. C06-49Z

ORDER

This matter comes before the Court on Plaintiff Marcel Stenzel's ("Plaintiff" or "Stenzel") motion for reconsideration of the Court's Order of May 22, 2006. Docket no. 32. The Court requested a response and reply, which it has now received. Docket nos. 37 and 38. Having reviewed the pleadings and briefs of the parties, the Court enters the following Order.

## BACKGROUND

Plaintiff contends that the Court should, contrary to its statement in the Order, conclude that Defendant's potential ACPA claim is barred as a matter of law because Defendant admitted that he did not use or have rights in the alleged COLCHESTER mark at the time of domain registration. The Court's analysis of this issue was as follows:

> Plaintiff contends that he is entitled to judgment on the pleadings because there is no dispute that Defendant's COLCHESTER mark was not distinctive or famous at the time Plaintiff registered the "colchester.com" domain name. See 15 U.S.C. § 1125(d)(a)(ii)(I),(II) (stating that an ACPA claim requires the mark

ORDER 1–

> to be either distinctive or famous *at the time of registration of the domain name*); Coca-Cola Co. v. Purdy, 382 F.3d 774, 782 (8th Cir. 2004) (looking to the time of registration of the domain name to determine whether the mark was distinctive or famous); Garden of Life, Inc. v. Letzer, 318 F. Supp. 2d 946, 961-62 (C.D. Cal. 2004) (same). Plaintiff relies on Defendant's response to paragraphs 15 and 27 of the Complaint, in which Defendant "admits" that he "did not have any rights in the Alleged [COLCHESTER] Mark at the time Plaintiff registered the Domain Name" and "was not using and had no rights in the Alleged [COLCHESTER] Mark at the time Plaintiff registered the domain name." Compl. ¶¶ 15, 27; Answer ¶¶ 15, 27. Plaintiff reasons that, based on this admission, Defendant's mark could not have been "distinctive" or "famous" when Plaintiff registered the domain name in 1999.
>
> In response, Defendant argues that the Court cannot grant the motion for judgment on the pleadings as to the ACPA claim because Defendant has denied a separate allegation that his mark was not distinctive or famous in 1999. Def.'s Resp., at 16 (referring to Compl. ¶ 25; Answer ¶ 25). Defendant's responses in the Answer to paragraphs 15 and 27 and paragraph 25 of the Complaint create a difficult conflict to resolve. On the one hand, Defendant admits that he did not use, and had no rights in, the COLCHESTER mark as of 1999. Answer ¶ 15. On the other hand, Defendant denies Plaintiff's allegation that the COLCHESTER mark was not distinctive or famous when Plaintiff registered "colchester.com" in 1999, implicitly stating that the mark was in fact distinctive or famous at that time. Answer ¶ 25. Additionally, neither party addresses the question of whether the admission that Defendant "was not using" and "did not have any rights" in the alleged mark establishes, as a matter of law, that the mark was not distinctive or famous in 1999. Based on the uncertainty as to the meaning of Defendant's admissions in paragraphs 15 and 27, and Defendant's denial of the allegation that the mark was not distinctive or famous in 1999, the Court cannot rule on this issue at present. Some development of the facts is necessary to determine the basis for Defendant's contention that the mark was distinctive or famous at the time of domain name registration. Accordingly, the Court DENIES Plaintiff's motion for judgment on the pleadings as to the ACPA claim. The Court also DENIES Defendant's motion to dismiss the ACPA claim, as it is based solely on the argument that the UDRP arbitration is entitled to deference, which it is not.

Order at 9-10 (footnote omitted).

## DISCUSSION

Motions for reconsideration are generally disfavored and will be denied absent a showing of manifest error or new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. LR 7(h)(1).

As the text of the Order indicates, the question of whether Defendant's admission of non-use bars an ACPA claim was, and is, a close call. Neither party directly addressed that issue in the original briefing and the Defendant survived the motion to dismiss only because

ORDER  2–

he "denied" the allegation that his alleged mark was not distinctive or famous as of 1999. See Answer ¶ 25.  Plaintiff now cites cases and sections of the Lanham Act indicating that a trademark cannot be "distinctive or famous" absent use, which Defendant admits he did not undertake until 2005.  See 15 U.S.C. § 1125(c)(1)(A)-(H); Garden of Life v. Letzer, 318 F. Supp. 2d 946, 958 (C.D. Cal. 2004).  Defendant offers no response to this argument and implicitly concedes that any potential ACPA claim he might bring would fail as to the "distinctive or famous" element.  Accordingly, Plaintiff's motion for reconsideration is GRANTED and Plaintiff is entitled to a declaration that his registration and ownership of the "colchester.com" domain name does not violate Defendant's rights under the "distinctive or famous" element of an ACPA claim.  However, this does not entirely end the dispute.

While Defendant essentially concedes that Plaintiff is entitled to a declaration that Plaintiff did not violate the ACPA, Defendant argues that this declaration does not necessarily entitle Plaintiff to the relief Plaintiff requests.  In the Complaint, Plaintiff requests not only a declaration of non-violation of the ACPA but also a judgment "declaring that Stenzel is not required to transfer the registration for the Domain Name to Defendant." Compl. at § VII(3) (Request for Relief).  The Complaint also requests a judgment "prohibiting Defendant from taking any further action with respect to the transfer of the Domain Name." Id. at § VII(4).  Defendant argues that Plaintiff is not entitled to the relief requested in § VII(3)-(4) of the Complaint.  Thus, although the merit of Plaintiff's declaratory claims are undisputed, the parties disagree as to the scope of the judgment to be entered in Plaintiff's favor.

Defendant notes that the Arbitrator's decision to order the transfer of the domain name from Plaintiff to Defendant was based on a specific set of elements in the UDRP: (1) the domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; (2) the registrant has no rights or legitimate interests in respect to the domain name; and (3) the domain name has been registered and is being used in bad

ORDER  3–

faith. Def.'s Resp./Cross-Mot., docket no. 25, Ex. E (UDRP at § 4(a)).  When registering the "colchester.com" domain name, Plaintiff contractually agreed to the dispute resolution procedure based on these elements.  Id. at Ex. C (Arbitration Decision at 1).  Defendant contends that this Court's declaration of non-violation of the ACPA based on the "distinctive or famous" element does not invalidate the Arbitrator's decision because the Court's declaration is not in conflict with any of the findings or conclusions made by the Arbitrator in applying the UDRP provision (i.e, confusing similarity, absence of rights/interests as to registrant, and bad faith).

In reply, Plaintiff suggests for the first time in briefing this motion that Defendant's potential ACPA claim also fails as to the "bad faith" element.  In 15 U.S.C. § 1125(d)(1)(A)(ii), the ACPA requires "a bad faith intent to profit from [the] mark."  Plaintiff now contends that he could not have had a "bad faith intent to profit" in 1999 because Defendant's alleged COLCHESTER mark did not exist until 2005.  Although he does not say so, Plaintiff appears to reason that the failure of the "bad faith" element as to Defendant's potential ACPA claim nullifies the Arbitrator's decision because "bad faith" was an element of the UDRP claim.  This novel "bad faith" argument is outside the scope of this Order, as it was not raised in the motion for reconsideration.  Accordingly, the Court will not consider it.

Although the motion for reconsideration is granted as to the "distinctive or famous" element of the ACPA claim, there remains an issue as to whether the Court's entry of an order of non-violation of the ACPA by Plaintiff entitles Plaintiff to the relief requested in the Complaint—namely, a declaration that Plaintiff need not transfer the domain name to Defendant and that Defendant is prohibited from taking further action with respect to such a transfer.

ORDER  4–

Effect of Plaintiff's ACPA Declaratory Claim on the UDRP Decision

While this issue is not thoroughly briefed by the parties, both the First and Second Circuit Courts have had occasion to address the interaction between the ACPA and UDRP decisions.  See Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14, 27-28 (1st Cir. 2001); Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 382 (2d Cir. 2003).  In Sallen and Storey, the Courts recognized that the ACPA included a statutory cause of action for redress of UDRP decisions in 15 U.S.C. § 1114(2)(D)(v), which states as follows:

> A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter.  The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

The Sallen Court stated that, in this section of the ACPA, "Congress has provided a cause of action to recover domain names lost in UDRP proceedings."  273 F.3d at 27.  The Court noted that findings by a district court could undermine an arbitration panel's decision and that "a court's § 1114(2)(D)(v) decision that a party is not a cybersquatter under the ACPA, and that a party has a right to use a domain name, necessarily negates a WIPO decision that a party is a cybersquatter under the UDRP."  Id. at 28.  Thus, courts have recognized that an action based on § 1114(2)(D)(v) may negate a UDRP decision.

Section 1114(2)(D)(v) speaks directly to the review of an arbitration decision under the UDRP (as in Sallen and Storey), but has no application to this case, as Plaintiff did not bring a claim under this section of the United States Code.  Additionally, neither Sallen nor Storey directly address the issue placed before this Court: whether a declaration of non-violation of 15 U.S.C. § 1125(d) negates a UDRP decision when that declaration is based *only* on an element in the ACPA that does not contradict the UDRP decision.  Because neither party discusses the application of the analysis in Sallen and Storey to the facts of this

ORDER  5–

case, nor the difference between claims brought under and § 1125(d) and § 1114(2)(D)(v), the Court declines to issue a *sua sponte* ruling as to the scope of the judgment.

## CONCLUSION

Plaintiff's motion for reconsideration, docket no. 33, is GRANTED. The Court concludes that, based on the allegations and admissions in the Complaint and Answer, Defendant cannot establish the "distinctive or famous" element of an ACPA claim under 15 U.S.C. § 1125(d) as a matter of law.

Plaintiff shall submit a proposed judgment within 20 days of the entry of this Order. Along with the proposed judgment, Plaintiff shall file a brief in support of the proposed judgment not to exceed 8 pages. The brief should provide the legal basis for granting Plaintiff the relief requested under 15 U.S.C. § 1125(d) and address the applicability of the analysis in Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14 (1st Cir. 2001), and Storey v. Cello Holdings, L.L.C., 347 F.3d 370 (2d Cir. 2003), if any, to this case. Plaintiff's proposed judgment and supporting brief should be noted for the third Friday after it is filed. Defendant may submit a brief in response, not to exceed 8 pages, no later than the Monday before the noting date. Plaintiff may file a reply brief, not to exceed 4 pages, no later than the noting date.

IT IS SO ORDERED.

DATED this 26th day of July, 2006.

Thomas S. Zilly
United States District Judge

ORDER 6–